UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SAM STEPHENSON,

      Plaintiff,

v.                                                                                    Case No. 5:05-CV-114

UNITED STATES POSTAL SERVICE                          HON. GORDON J. QUIST
 and LOCAL 122 NATIONAL ASSOCIATION
OF LETTER CARRIERS,

      Defendants.
_____/

## OPINION

Plaintiff, Sam Stephenson ("Stephenson"), filed this action against Defendants, the United States Postal Service ("USPS") and the National Association of Letter Carriers, Branch 122 ("Branch 122"), on August 1, 2005, pursuant to Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b), alleging breach of a collective bargaining agreement by the USPS and breach of the duty of fair representation by Branch 122.  Stephenson's claims are based upon his July 28, 2004, termination based upon his failure to inform the USPS that his Michigan driver's license had been revoked.  Now before the Court are the USPS's motion for summary judgment and Branch 122's motion for summary judgment.  For the reasons stated below, the Court will grant both motions on the ground that Stephenson's claims are barred by the applicable statute of limitations.

## Facts

Stephenson is a former letter carrier who was employed at the USPS's Lansing, Michigan facility from January 2000 to August 25, 2004.  Stephenson was part of a collective bargaining unit

represented by Branch 122, the local union affiliated with the National Association of Letter Carriers ("NALC").  The collective bargaining agreement ("CBA") between USPS and NALC contains a multi-step grievance procedure.  Step A of the procedure includes both an informal and a formal resolution process.  Upon learning of the circumstances giving rise to the grievance, the employee must initiate the informal Step A procedure by discussing the grievance with his or her immediate supervisor within fourteen days, during which the employee may be accompanied or represented by a union steward or representative.  (CBA, Art. 15 § 2, Informal Step A (a).)  If the grievance is not resolved, the employee may file a formal Step A grievance, pursuant to which a union representative and a facility head or designee meet to review a detailed statement of facts and other materials, such as statements from witnesses, in order to attempt to resolve the matter.  (CBA, Art. 15 § 2, Formal Step A (c), (d).)  If the parties are unable to resolve the matter, the union may appeal it to Step B. At this point, the grievance is handled by the NALC or its representatives.  The Step B team is comprised of representatives of management and NALC.  The Step B team is authorized to: (1) resolve the grievance; (2) declare an impasse; (3) hold the grievance pending resolution of a representative case or national interpretive case; or (4) remand the grievance to Step A with specific instructions.  (Id. Art. 15 § 2, Step B, (b).)  If the Step B team resolves the grievance, no further review is permitted.

On July 28, 2004, USPS issued Stephenson a Notice of Proposed Removal which informed Stephenson that he would be removed from his employment based upon the following charge: "Operating a Government Vehicle without a Valid Drivers License/Failure to Report Revocation of State Drivers License," in violation of the CBA and various USPS regulations.  (Notice of Proposed Removal of 7/28/04, at 1-2.)  Branch 122 initiated Informal Step A of the grievance process but was

unable to resolve it with Stephenson's supervisor.  Branch 122 subsequently initiated Formal Step A of the procedure, but after the hearing on August 25, 2004, USPS denied the grievance.

Branch 122 appealed the grievance to Step B.  On September 27, 2004, the Step B team resolved the grievance by upholding the termination.  In early October, Calvin Lounds, the President of Branch 122, called Stephenson and informed him that the Step B team had resolved the grievance and affirmed the termination.  (Stephenson Dep. at 35.)  Lounds told Stephenson that "[t]here was nothing else [Lounds or Branch 122] could do for [Stephenson]."  (Id. at 36.)  Stephenson knew at that point that Branch 122 would not take any further action on his grievance and that there was nothing else that he could do.  (Id. at 39, 40.)

## Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56.  Material facts are facts which are defined by substantive law and are necessary to apply the law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  A dispute is genuine if a reasonable jury could return judgment for the non-moving party.  Id.

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Agristor Fin. Corp. v. Van Sickle, 967 F.2d 233, 236 (6th Cir. 1992) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## **Discussion**

"The Sixth Circuit and its sister circuits 'have uniformly held that 39 U.S.C. § 1208(b) is an analogue of Section 301(a) of the Labor Management Relations Act of 1957 and have consistently applied § 301 law to suits brought pursuant to 39 U.S.C. § 1208(b).'" Armstrong v. United States Postal Serv., 6 F. App'x 282, 283 (6th Cir. 2001) (quoting Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100, 698 F.2d 250, 255 (6th Cir. 1983)). See also Bacashihua v. United States Postal Serv., 859 F.2d 402, 405 (6th Cir. 1988) (noting that courts consistently apply Section 301 law to suits brought under 39 U.S.C. § 1208(b)).

Hybrid actions under Section 301 are subject to a six-month statute of limitations. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-72, 103 S. Ct. 2281, 2293-94 (1983). See Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 33-34 (2d Cir. 2000) (stating that a breach of the duty of fair representation claim is subject to the six-month limitations period for hybrid actions). "Such a claim accrues when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action." Wilson v. International Bhd. of Teamsters, 83 F.3d 747, 757 (6th Cir. 1996); see also Jones v. General Motors Corp., 939 F.2d 380, 384 (6th Cir. 1991) (same).

In this case, Stephenson's claim accrued no later than October 2004, when Lounds called him and told him that he had lost his grievance and that nothing else could be done. At that point, Stephenson knew that he lost, that Branch 122 would take no further action, and that there was nothing else that he could do through the grievance process. (Stephenson Dep. at 39-40.) Therefore, to be timely, Stephenson had to file his complaint by the end of April 2005, at the very latest.

Because he did not file his complaint until August 1, 2005, his claim is barred by the six-month statute of limitations.

Stephenson asserts that the Court should consider his claim timely because Dan McCormick, a union steward, told him that Branch 122 would take Stephenson's grievance to arbitration and that he did not file his complaint earlier because he was waiting for Branch 122 to initiate arbitration. (Pl.'s Resp. Br. at 3-4.)  This argument fails in light of Stephenson's own deposition testimony that McCormick made the alleged statement in August 2004, prior to the Step B grievance proceeding. (Stephenson Dep. at 36.)  Stephenson admitted that Lounds called him more than one month later, in early October 2004, to tell him that he had lost his grievance and that he, Stephenson, knew that there was nothing else that could be done to pursue the grievance.  (Id. at 39-40.)  Thus, when Lounds called him in October 2004, Stephenson had all of the information he needed to file his claim.

## Conclusion

For the foregoing reasons, the Court will grant Defendants' motions for summary judgment. An Order consistent with this Opinion will be entered.


Dated: September 15, 2006                          /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE